**DECOTIIS, FITZPATRICK, COLE & GIBLIN, LLP**
**Alex J. Keoskey, Esq. (#040981996)**
61 South Paramus Road, Suite 250
Paramus, New Jersey 07652
Phone: 201-928-1100
Fax: 201-928-0588
*Attorneys for Defendants Town of West New York,*
*Felix Roque, Mayor Gabriel Rodriquez and Silvio Acosta*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEX NAVAS,<br><br>*Plaintiff*,<br><br>vs.<br><br>TOWN OF WEST NEW YORK, FELIX ROQUE, MAYOR GABRIEL RODRIQUEZ and SILVIO ACOSTA,<br><br>*Defendants*. | Civil Action No.: 2:19-cv-17583-CCC-SCM<br><br>**ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES** |

Defendants, Town of West New York, Felix Roque, Mayor Gabriel Rodriquez and Silvio Acosta (hereinafter "Defendants") through their counsel answer in response to Plaintiff's Complaint as follows:

### AS TO "INTRODUCTION"

Defendants deny that they committed any act or omission relating to the underlying events alleged in Plaintiff's complaint, or otherwise violated any of Plaintiff's constitutional rights.

### AS TO "JURISDICTION AND VENUE"

1.      This paragraph contains legal conclusions and/or arguments and these Defendants

2633951

make no answer thereto. To the extent that the allegations contained in this paragraph may be construed to allege any cause of action against Defendants, same are denied.

2. This paragraph contains legal conclusions and/or arguments and these Defendants make no answer thereto. To the extent that the allegations contained in this paragraph may be construed to allege any cause of action against Defendants, same are denied.

3. This paragraph contains legal conclusions and/or arguments and these Defendants make no answer thereto. To the extent that the allegations contained in this paragraph may be construed to allege any cause of action against Defendants, same are denied.

## AS TO "FACTS"

4. Defendants neither admit nor deny and Plaintiff is left to his proofs.

5. Defendants neither admit nor deny and Plaintiff is left to his proofs.

6. Defendants neither admit nor deny and Plaintiff is left to his proofs.

7. Defendants neither admit nor deny and Plaintiff is left to his proofs.

8. Defendants neither admit nor deny and Plaintiff is left to his proofs.

9. Defendants neither admit nor deny and Plaintiff is left to his proofs.

10. Defendants neither admit nor deny and Plaintiff is left to his proofs.

11. Defendants neither admit nor deny and Plaintiff is left to his proofs.

12. Defendants neither admit nor deny and Plaintiff is left to his proofs.

13. Defendants neither admit nor deny and Plaintiff is left to his proofs.

14. Defendants neither admit nor deny and Plaintiff is left to his proofs.

15. Defendants neither admit nor deny and Plaintiff is left to his proofs.

16. Defendants neither admit nor deny and Plaintiff is left to his proofs.

17. Defendants neither admit nor deny and Plaintiff is left to his proofs.

18. Defendants neither admit nor deny and Plaintiff is left to his proofs.

19. Defendants neither admit nor deny and Plaintiff is left to his proofs.

20. Defendants neither admit nor deny and Plaintiff is left to his proofs.

21. Defendants neither admit nor deny and Plaintiff is left to his proofs.

22. Defendants neither admit nor deny and Plaintiff is left to his proofs.

23. Defendants neither admit nor deny and Plaintiff is left to his proofs.

## AS TO "COUNT I
(Free Speech Retaliation – Federal Constitution and 1983)"

24. Defendants repeat their responses to each of the allegations set forth above as if set forth at length herein.

25. Defendants neither admit nor deny and Plaintiff is left to his proofs.

26. Defendants neither admit nor deny and Plaintiff is left to his proofs.

27. Defendants neither admit nor deny and Plaintiff is left to his proofs.

28. Defendants neither admit nor deny and Plaintiff is left to his proofs.

29. Defendants neither admit nor deny and Plaintiff is left to his proofs.

## AS TO "COUNT II
(Free Speech Retaliation – State Constitution and N.J.S.A. 10:6-2)"

30. Defendants repeat their responses to each of the allegations set forth above as if set forth at length herein.

31. This paragraph contains legal conclusions and/or arguments and these Defendants make no answer thereto. To the extent that the allegations contained in this paragraph may be construed to allege any cause of action against Defendants, same are denied.

32. This paragraph contains legal conclusions and/or arguments and these Defendants make no answer thereto. To the extent that the allegations contained in this paragraph may be

construed to allege any cause of action against Defendants, same are denied.

33. This paragraph contains legal conclusions and/or arguments and these Defendants make no answer thereto. To the extent that the allegations contained in this paragraph may be construed to allege any cause of action against Defendants, same are denied.

34. Defendants neither admit nor deny and Plaintiff is left to his proofs.

35. Defendants neither admit nor deny and Plaintiff is left to his proofs.

## AS TO "COUNT III
(Fundamental Fairness and Violation of Public Policy Under the N.J. Constitution)"

36. Defendants repeat their responses to each of the allegations set forth above as if set forth at length herein.

37. Defendants neither admit nor deny and Plaintiff is left to his proofs.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to set forth a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, because Defendants acted in accordance with all applicable laws of the State of New Jersey and the United States of America.

### THIRD AFFIRMATIVE DEFENSE

Recovery is barred in this action by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Defendants affirmatively plead each defense, limitation, and immunity, including derivative immunity, provided to her under the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq., inclusive, and assert that Plaintiff's action is barred, limited, and/or controlled by the provisions of that statute.

**FIFTH AFFIRMATIVE DEFENSE**

Defendants did not engage in any conduct that constitutes a wrongful, intentional act.

**SIXTH AFFIRMATIVE DEFENSE**

Defendants took no action at any time to deprive Plaintiff of any federal, constitutional state or statutory right of law.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the principals of waiver, estoppels, res judicata, and laches.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which an award of any punitive damages may be granted.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, are wholly attributable to the wrongful acts, omissions, or conduct of Plaintiff.

**TENTH AFFIRMATIVE DEFENSE**

Damages, if any, sustained by Plaintiff were the result of actions of persons and/or entities over which Defendants had no control.

**ELEVENTH AFFIRMATIVE DEFENSE**

Recovery in this action is barred, in whole or in part, by the contributory and/or comparative negligence of Plaintiff.

**TWELVTH AFFIRMATIVE DEFENSE**

Defendants deny any breach of duty to Plaintiff.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendant reserves the right to assert any other affirmative defenses that discovery reveals to be applicable as to avoid waiver of same.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants reserves the right, at or before trial, to move to dismiss the Complaint and/or for summary judgment, on the ground that the Complaint fails to state a claim upon which relief can be granted and/or that the Defendants are entitled to judgment as a matter of law based upon any or all of the above defenses.

## FIFTEENTH AFFIRMATIVE DEFENSE

Recovery in this action is barred, in whole or in part, by the failure of Plaintiff to exhaust his administrative remedies before the filing of a civil claim.

## RESERVATION OF RIGHTS

Defendants reserve the right, at or before trial, to move to dismiss the Complaint and/or for summary judgment, on the ground that the Complaint fails to state a claim upon which relief can be granted, that the allegations within the complaint are frivolous and/or that Defendants are entitled to judgment as a matter of law, based on any or of the above defenses.

## NOTICE PURSUANT TO FED. R. CIV. P.5

TAKE NOTICE that pursuant to the above-cited Rule of Court, that each party herein deriving or receiving pleadings, deposition transcripts, discovery request, interrogatories, correspondence and other documents within the scope of Fed. R. Civ. P. 5, is hereby requested to serve same upon the undersigned attorney, whether or not they were received or served prior to or after the filing of the date of this Answer.

## JURY DEMAND

Defendants demand a trial by jury on all of the issues herein.

## DEMAND FOR DISCOVERY

Defendants hereby demand that Plaintiff provide Rule 26 disclosures as required by the Rules of Court, along with responses to any discovery provided or propounded by any party in this matter.

## LOCAL CIVIL RULE 11.2 CERTIFICATION

The undersigned counsel hereby certifies that the within matter in controversy is not the subject of any other action pending in any court or of a pending arbitration or administrative proceeding and that, to the best of counsel's knowledge, there is no other party who should be joined in this action.

**DeCotiis, FitzPatrick, Cole & Giblin, LLP**

By: _____
Alex J. Keoskey, Esq.

Dated: January 28, 2020