# BENNET D. ZUROFSKY

**Attorney at Law**
161 Walnut Street
Montclair, New Jersey 07042
www.zurofskylaw.com
973-642-0885
Fax: 973-642-0946
bzurofsky@zurofskylaw.com

July 26, 2021

**ELECTRONICALLY FILED**
Hon. Jessica S. Allen, U.S.M.J.
U.S. District Court
50 Walnut Street
Courtroom MLK 2B
Newark, NJ 07101

    Re:    **Alex Navas v. Town of West New York** *et al.*
            **Docket No. 2:19-cv-17583-CCC-JAD**

Dear Judge Allen,

As you know, Omar A. López, Esq. and I represent Alex Navas, Plaintiff.

The parties previously agreed to meet and confer concerning a potential stipulation as to the effects of related litigation before the New Jersey Civil Service Commission and the Superior Court of New Jersey, Appellate Division. Unfortunately, the parties' attempts to arrive at a stipulation have reached an impasse. Therefore, the parties place their positions below and request further guidance from the court. A copy of our proposed stipulation is attached.

## BACKGROUND

A portion of this civil matter deals with Civil Service disciplinary proceedings brought against the Plaintiff Alex Navas by the Defendant Town of West New York regarding incidents which were alleged to have occurred on May 1, 2017, May 15, 2017, and May 19, 2017. These disciplinary matters were tried in the New Jersey Office of Administrative Law on September 24, 2018 and November 19, 2018. Following the hearings, the disciplinary incidents were adjudicated to a final determination by a series of decisions: the New Jersey Civil Service Commission's decision on June 27, 2019, which was affirmed in part and remanded in part by the Superior Court of New Jersey, Appellate Division on April 19, 2021, and the June 7, 2021 decision of the New Jersey Civil Service Commission on remand. No further appeal was taken.

Re: <u>Navas v. Town of West New York</u> *et al.*
July 26, 2021
Page  2

## **<u>PLAINTIFF'S POSITION</u>**

Collateral estoppel exists to promote judicial consistency, encourage reliance on court decisions, and to protect parties from being forced to relitigate the same issues in multiple lawsuits. <u>Allen v. McCurry</u>, 449 U.S. 90, 94 (1980).

Under New Jersey law, a party seeking to invoke the doctrine of collateral estoppel must demonstrate that: (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding. <u>Wildoner v. Borough of Ramsey</u>, 316 N.J. Super. 487, 506 (App. Div. 1998) (citing In re Dawson, 136 N.J. 1, 20 (1994)). However, "[c]omplete identity of parties in the two suits is not required for the application of issue preclusion." <u>Burlington N. R. Co. v. Hyundai Merch. Marine Co.</u>, 63 F.3d 1227, 1232 (3d Cir. 1995).

As a result of the series of decisions by the Civil Service Commission and the Appellate Division, the three disciplinary actions noted above have been adjudicated to a final determination. Thus, as found by the Appellate Division, the disciplines imposed by the Town of West New York for the May 1, 2017 and May 19, 2017 incidents were taken without just cause as a matter of New Jersey Civil Service law. Further, as found by the Civil Service Commission following remand, the discipline imposed by the Town of West New York for the May 15, 2017 incident was taken with just cause as a matter of New Jersey Civil Service law. The thirty day suspension was therefore reduced to ten days, as the Civil Service Commission found that only one incident out of three was sustained.

Plaintiff has proposed a stipulation which would recognize the preclusive effect of the decisions, insofar as whether discipline was justified under civil service law for each of the three incidents. In addition, the proposed stipulation would recognize the findings of fact with respect to the three incidents. However, as noted in the proposed stipulation, the stipulation does not prevent discovery into the motives of Defendants, as no finding was made by the various decisions as to whether Defendants acted with an illegal motive violative of the First Amendment or the New Jersey Civil Rights Act.

In proposing the stipulation, Plaintiff seeks to avoid duplicative litigation concerning the incidents of May 1, 2017, May 15, 2017, and May 19, 2017. These events were testified to at length before an Administrative Law Judge, where six witnesses were called over two days of hearing. Over three years of litigation has led to a series of decisions which conclusively establish the facts of these incidents, as well as which discipline was justified, and which ones were not. There is no reason to permit any discovery into these events at this point to establish, once again, the facts of the incidents occurring on those dates. Such facts have already been determined and further discovery regarding them could only be oppressive and burdensome.

At the same time, Plaintiff does not wish to foreclose discovery into that which was not before those courts and therefore remains undecided: whether Defendants acted with an illegal motive

Re: <u>Navas v. Town of West New York</u> *et al.*
July 26, 2021
Page 3

violative of the First Amendment or the New Jersey Civil Rights Act.

Therefore, Plaintiff requests a briefing scheduling or permission from the court to file a motion for a protective order.

### **DEFENDANTS' POSITION**

After reviewing the proposal, Defendants jointly believe that the stipulation limiting the scope of discovery as described therein is not appropriate at this stage of the litigation. While recognizing the decisions of the Civil Service Commission and the Superior Court, Appellate Division, Defendants do not believe either made findings of fact or conclusions of law that – whether intended to or not – limit factual or legal issues in the pending matter for purposes of discovery.

In the matter at bar, Plaintiff has asserted a First Amendment retaliation claim.  In order to establish such a claim, Plaintiff must show: 1) that he had engaged in a protected activity; 2) that the defendant's retaliatory action was sufficient to deter a person of ordinary firmness from exercising his or her rights; and 3) that there was a causal connection or nexus between the protected activity and the retaliatory action.  <u>Lauren W. ex rel. Jean W. v. DeFlaminis</u>, 480 <u>F.3d</u> 259, 267 (3rd Cir. 2007).  While the proposed stipulation acknowledges that "[n]either the Civil Service Commission nor the Appellate Division made any determinations of law or fact regarding the question of whether the Defendants acted with a retaliatory motive [,]" the issue of whether the discipline was imposed "with just cause" "as a matter of New Jersey Civil Service law" is not dispositive in a First Amendment retaliation claim.  Additionally, <u>Fed.R.Civ.P.</u> 26(b)(1), setting forth the broad scope of discovery in federal litigation, states: "Information within this scope of discovery need not be admissible in evidence to be discoverable."  We are not aware of any case where collateral estoppel has been invoked to limit pre-trial discovery in this (or any other) context, prior to dispositive motion practice.  As such, the application of collateral estoppel is inappropriate in the discovery stage.

Accordingly, it is Defendants' position that limiting the scope of discovery under the auspices of findings of fact or law made pursuant to completely different legal standards could cloud the issues in this case and potentially prejudice the defendants, in addition to unnecessarily restraining the traditional broad scope of pretrial discovery which, necessarily, allows the parties to explore the credibility of the parties and other "fact" witnesses.

As such, Defendants Town of West New York, Mayor Rodriguez, Felix Roque and Silvio Acosta respectfully decline to execute or otherwise amend the proposed joint stipulation.

### **CONCLUSION**

As your honor will recall, the parties hereto are scheduled to meet with you for a settlement conference in this case on Friday, August 6, 2021 at 10 a.m. The parties are hopeful that a settlement will be attained at that time. However, if we cannot settle, we hope that you will either be able to assist us in resolving our differences regarding this proposed stipulation or provide us with guidance as to how we should proceed in order to obtain a ruling from the Court on this

Re: <u>Navas v. Town of West New York</u> *et al.*
July 26, 2021
Page 4

matter before any depositions take place.

Thank you for your consideration.

                                                            Respectfully yours,

                                                            *s/ Bennet D. Zurofsky*

                                                            BENNET D. ZUROFSKY

cc:    Gregory J. Hazley, Esq.
        David J. Pack, Esq.
        Lisa J. Reppert, Esq.
        Omar A. López, Esq.
        Mr. Alex Navas